ROBERT R. HEROY, Respondent, *v.* FAN DE SIECLE COMPANY, Appellant.

*Master and servant — contract of employment — when in writing within the Statute of Frauds — measure of damages for a breach.*

In an action brought by an employee to recover damages for a breach of a contract of employment, the jury found that when the contract (which was for a term of two years) was submitted to the plaintiff by the treasurer of the defendant, it contained a clause providing that the employment might be terminated by the defendant on thirty days' notice; that the plaintiff objected to this clause, and having removed the sheet containing it, said he would accept the contract with that clause out, and that, thereupon, the defendant's treasurer replied, " Very well," and that the plaintiff did accept the contract as so modified.

*Held*, that there was established a contract in writing within the requirements of the Statute of Frauds.

In such a case (the plaintiff's discharge having been admitted, and the full term of the contract not having then expired), a charge from the judge to the jury that, if the latter should find that the contract had been made as claimed by the plaintiff, he was entitled to a verdict for the amount which he was to receive during the full period of two years, less the amount paid as salary or wages for six months and one week, does not lay down the proper rule of damages.

*Semble*, that where the full term of the contract had expired before the trial, the measure of damages for a breach would be *prima facie* the stipulated compensation, and the defendant could show in reduction any facts competent 'as evidence for that purpose.

· APPEAL by the defendant, Fan de Siecle Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of June, 1896, upon the verdict of a jury, and also from an order, entered in said clerk's office on the twenty-third day of July, denying the defendant's motion for a new trial made upon the minutes.

*Sol Hanford*, for the appellant.

*Henry Hoelljes, Stillman F. Kneeland* and *Thomas E. Rush*, for the respondent.

PER CURIAM:

This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury rendered at a Trial Term of the Supreme Court and from an order denying a motion for a new trial.

The action was brought to recover damages for the breach of a contract of employment, the allegations of the complaint being, that on or about the 1st of August, 1895, the plaintiff entered into the employment of the defendant under an agreement to render service to the defendant for the term of two years from August 1, 1895; that the plaintiff rendered service under that employment until February, 1896, when he was discharged by the defendant, who refused to allow him to perform any further service, and he demands damages for the full amount of compensation provided for in the contract for the whole period of the alleged employment. The answer admits that in February, 1896, the defendant refused to employ the plaintiff any longer or to allow him to perform all or any of the conditions of the agreement alleged in the complaint, but it, in substance, denies the allegations of the complaint respecting the terms of the particular contract sued upon by the plaintiff.

One of the questions litigated on the trial was as to the existence of a contract in writing within the Statute of Frauds. The provisions of the Statute of Frauds are not pleaded as a defense, but apart from that consideration there was evidence tending to show that a written agreement signed on behalf of the defendant was delivered to the plaintiff, and that under that written agreement he performed service upon his employment. The plaintiff testified that after preliminary negotiations concerning his employment with officers of the defendant, he entered upon the performance of service to them, and that the contract was subsequently to be reduced to writing. A writing was prepared and when it was exhibited to the plaintiff it contained a clause that the employment might be terminated by the defendant on thirty days' notice. The plaintiff further testified that when that contract was presented to him the provision as to the thirty days' notice was objected to by him and he declined to receive the written contract with that provision in it, and that thereupon that provision was waived by the defendant and expunged from the contract. The plaintiff testified that he told the defendant's treasurer that he would not accept the writing as a contract with the fourth clause in it (being the thirty days' clause), and that it "had no business there;" that he was strongly urged to accept the contract with that clause in it, but would not do so; that he took from the contract the sheet containing the fourth clause and told

the officer of the defendant that he would accept it with the fourth clause out, to which answer was made " very well;" that then he accepted the contract with that fourth clause out. The officer of the corporation referred to testified that he did not have the conversation to which the plaintiff testified, and gives his version of the occurrence and states that the plaintiff said, " Very well, I will sign the contract."

The judge at the trial left it to the jury to determine whether the paper signed by the president of the defendant was agreed to by both parties without the fourth clause in it, and that in determining that point they were to bear in mind all the testimony, and it was for them to say what was meant by the use of the term " very well." The jury found according to the plaintiff's version, and having so found there is established a contract in writing within the Statute of Frauds and of the general purport and effect as claimed by the plaintiff.

The only other question arising on the trial that requires consideration refers to the measure of damages. On that question an improper instruction was given to the jury. The learned judge charged that if they found that the contract was made as claimed by the plaintiff (his discharge having been admitted) he was entitled to a verdict for the amount which he was to receive during the full period of two years, less the amount paid, namely, salary or wages for six months and one week. That took away from the jury all discretion to consider any circumstances in reductions of damages. In any view of this case the proper rule of damages was not that laid down by the trial judge. There is a very great conflict of judicial opinion as to what the true measure of damage in an action of this kind is, that is to say, where the action is brought by an employee for a breach of a contract of employment before the expiration of the term of service provided for in the contract. The discussion of that question in the courts has been a protracted one, and the cases are confused and contradictory. We do not think it necessary to pass upon it now, for another trial of this cause cannot be had until the full contract term of the plaintiff's employment shall have expired, and it is not to be doubted that for a breach of such a contract the plaintiff would be entitled to recover *prima facie as damages* the stipulated compensation as

the value of his contract, and the defendant could show in reduction any facts competent as evidence for that purpose.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

Present — VAN BRUNT, P. J., RUMSEY, WILLIAMS, PATTERSON and PARKER, JJ.

Judgment reversed, new trial ordered, costs to appellant to abide event.